**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4692

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVIN LAMONT SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:17-cr-00015-H-1)

Submitted: July 10, 2020                    Decided: September 15, 2020

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davin Lamont Smith appeals the 188-month sentence imposed by the district court after we vacated his prior sentence in light of *United States v. Simmons*, 917 F.3d 312 (4th Cir. 2019) (holding that the North Carolina offense of "assault with a deadly weapon on a government official" is not categorically a crime of violence under the Sentencing Guidelines), and remanded the matter for resentencing. The lone issue on appeal is whether, after *Simmons*, Smith still qualifies for sentencing as a career offender. For the reasons that follow, we affirm the amended criminal judgment.

I.

In March 2017, a federal grand jury returned a superseding indictment charging Smith with conspiracy to possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018) (Count 1); four substantive counts of distributing and possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-5); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2018) (Count 6). The indictment alleged that the conspiracy began on or about April 12, 2016, and ended in January 2017. The four substantive drug trafficking charges allegedly occurred between July and September 2016. The indictment also contained notice, pursuant to 21 U.S.C. § 851 (2018), of the Government's intent to seek a statutorily enhanced sentence because of Smith's prior felony drug convictions.

In April 2018, Smith pled guilty to the substantive drug trafficking charges. Smith first appeared for sentencing on September 12, 2018. The main issue at this hearing was

whether Smith qualified for sentencing as a career offender. Defense counsel argued that one of the identified career offender predicates—Smith's 2000 North Carolina conviction for possession with intent to sell and deliver cocaine (hereinafter "North Carolina Conviction")—could not be counted because the term of incarceration ended on May 1, 2001, and the substantive drug trafficking offenses did not occur until, at the earliest, July 2016—outside the relevant 15-year look-back period. Government counsel responded that, under the relevant computational principles, the North Carolina Conviction counted because the presentence report (PSR) described qualifying relevant conduct that occurred as early as April 2016—just inside the 15-year look-back period. *See* U.S. Sentencing Guidelines Manual §§ 4A1.2(e)(1), 4B1.2 cmt. n.3 (2016). The district court declined to resolve this objection because it found that Smith had two other qualifying career offender predicates: a 2002 federal conviction for drug and firearms offenses and a 2003 North Carolina conviction for assault, inflicting serious bodily injury. The district court ultimately imposed a 216-month sentence, which was within the calculated Guidelines range of 210-262 months.

Smith appealed and, before filing its brief, the Government moved to vacate the sentence and remand the matter for resentencing in light of *Simmons*' invalidating reliance on Smith's 2003 North Carolina assault conviction as a career offender predicate. We granted the unopposed motion to remand.

II.

Smith appeared for resentencing in September 2019, represented by new counsel. Smith again argued that the North Carolina Conviction should not count as a career

3

offender predicate because it fell outside the relevant 15-year look-back period. This argument encompassed a claim under Guidelines as well as an evidentiary argument. On the latter point, Smith emphasized that, given the Government's failure to present evidence at sentencing, there was insufficient proof of his involvement in the historical drug transactions recounted in the PSR.

The district court rejected Smith's argument, ruling that, in terms of relevant conduct, the instant offense included the drug sales reported by the confidential informants as recounted in the PSR, which dated back to April 2016. Although not explicitly addressed, the court clearly found the PSR was sufficient to satisfy the Government's burden. The court opined that, because Smith was incarcerated for the North Carolina Conviction until May 2001, it fell within the 15-year look-back period and qualified as a countable career offender predicate. The court further ruled, consistent with Smith's concession, that his 2002 federal drug trafficking conviction qualified as a felony controlled substance offense.

The district court thus sustained the career offender designation, but granted Smith's request for an additional one-level reduction for acceptance of responsibility. Smith's total adjusted offense level of 31, combined with his placement in criminal history category VI, yielded an advisory Guidelines range of 188-235 months. The court then heard from the parties regarding what sentence should be imposed, allowed Smith to allocute, and explained the basis for its ruling. The court observed its consideration of the relevant 18 U.S.C. § 3553(a) (2018) sentencing factors and ultimately imposed a 188-month term of imprisonment, to be followed by a 6-year term of supervised release. A sentence at the

4

bottom of the Guidelines range was appropriate, the court explained, because the career offender designation resulted in a serious punishment.[*] This appeal timely followed, and presents the same issue.

## III.

We review Smith's sentence for reasonableness, applying an abuse-of-discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first review for significant procedural error, such as improper calculation of the Guidelines range, reliance on clearly erroneous facts, insufficient consideration of the § 3553(a) factors, and inadequate explanation of the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

---

[*] The amended judgment reflects the court's earlier dismissal of Counts 1 and 6.

As relevant to this appeal, a defendant is a career offender if he is at least 18 years old at the time he committed the instant offense, the offense of conviction is a controlled substance offense, and he has two prior felony controlled substance offense convictions. USSG § 4B1.1(a). Any conviction that resulted in more than 13 months' imprisonment should be counted if that sentence was imposed within 15 years of the defendant's commencement of the instant offense of conviction. USSG § 4A1.2(e)(1); *see* USSG § 4B1.2 cmt. n.3 (applying § 4A1.2 definitions to career offender provision). The Guidelines further call for counting "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG § 4A1.2(e)(1). The Guidelines Commentary explains that, "[a]s used in §4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct." USSG § 4A1.2 cmt. n.8 (citing USSG § 1B1.3 (Relevant Conduct)). In turn, "relevant conduct" is defined to include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2).

We discern no clear error in the district court's application of these Guidelines. Specifically, the court relied on the drug transactions recounted in the PSR, which dated back to April 2016 and were clearly part of Smith's overarching criminal conduct, to determine that the North Carolina Conviction fell within the applicable 15-year look-back provision. *See, e.g.*, *United States v. Ellis*, 975 F.2d 1061, 1067 (4th Cir. 1992) (holding that "a district court can, in sentencing, consider quantities of cocaine involved in a

6

conspiracy even when the defendant pled guilty only to possession with intent to distribute and even though the quantity expressed in the count to which he pled guilty was smaller").

This, then, leads to Smith's challenge to the sufficiency of the sentencing evidence to prove the historical drug transactions. Smith emphasizes the Government's failure to call a law enforcement witness to testify as to the reliability of the facts recounted in the PSR. But without presenting contrary evidence to support Smith's generalized objection to the reliability of that information, the court was well within its province in relying on the PSR to find that Smith engaged in related narcotics trafficking prior to May 1, 2016. *See United States v. Powell*, 650 F.3d 388, 393-94 (4th Cir. 2011) (recognizing that, although "[d]ue process requires that sentencing courts rely only on evidence with some minimal level of reliability, and the Guidelines themselves demand that the evidence used have sufficient indicia of reliability to support its probable accuracy," defendant bears the burden to show that information in the PSR is inaccurate, and absent such a showing, the court may adopt the PSR's facts without conducting more specific inquiry (citation and internal quotation marks omitted)).

## IV.

For these reasons, we hold there is no clear error in the court designating Smith a career offender. Accordingly, we affirm the amended criminal judgment. We deny Smith's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*